Parker C. J.
This is a bill in equity praying for a decree of redemption of a certain estate mortgaged to the defendant, the plaintiff being assignee of the mortgager, and the plaintiff alleges in his bill, that before the filing thereof he demanded of the defendant an account of the sum due on the mortgage, and that the defendant refused to render any such account, and the plaintiff now in his bill offers to pay the sum which may be found due. In the Court of Common Pleas, where the bill was instituted, an auditor was appointed by consent of the parties to ascertain the sum due on the mortgage, and the report of the auditor is on file. Nothing is now in dispute between the parties, except whether there was a demand and refusal to account before the filing of the bill, and it seems by the statement of the defendant’s counsel, that the claim is resisted on this ground, principally on account of the cost which has been occasioned, and not from a disposition to deprive the plaintiff of his right to redeem, though from lapse of time he will have no legal right, if this bill should be dismissed. The plaintiff has insisted that the agreement* to the appointment of an auditor is a virtual admission of a right to sustain the bill, and a waiver of the question whether a previous demand was made ; but there being no entry on the record of any such waiver, or any evidence of the fact aliunde, we must suppose that the appointment of the auditor and the hearing before him, were with a view to hasten the final decision in case the bill should be sustained, and were not intended to admit the right to reclaim.
It has been made a question whether the statute, under which this process is brought, requires an actual demand as a preliminary to the filing of the bill; and when the words and phraseology of the statute are considered, it is not extraordinary that such a doubt should have arisen.
As this is the first time we have been called upon for a *576 judicial construction of the statute, and as it is one which will be likely to be often relied upon for relief by those who are interested in the right to redeem mortgaged estates, we have thought it proper to give a full consideration of the question which has arisen upon this bill, in the hope that hereafter so beneficial a statute will need no further explanation. The inconveniences which existed in relation to the process for redeeming mortgages, before the passing of this statute, are well known to the bar. A bill could not be sustained without a tender of as much as remained due on the mortgage. As the rents and profits which might have been received by the mortgagee, were to be accounted for, it was frequently difficult, and sometimes impossible, for the mortgager or his assignee to ascertain the- sum due. He was obliged therefore to make his tender at random; if the sum fell short of the balance due, and the time of redemption expired before this was ascertained, which the mortgagee might prevent until the close of the process, the estate was forfeited ; if to avoid this evil he should tender more than was due, he ran the risk of losing the surplus. In the case of Tirrell v. Merrill, 17 Mass. R. 117, this defect in the law appeared in a very glaring light; and the statute under which this bill is brought, was probably enacted to cure an existing evil, which was made so apparent by the decision of that case. The statute of 1821, c. 85, was enacted to facilitate the restoration of mortgaged estates to the mortgager or those claiming under him. It is entitled, u An act making further provision for the redemption of mortgages,” and the preamble sets forth the existing difficulty in making a tender previously to the commencement of the suit. The statute therefore should have a liberal construction, in order that the declared views of the legislature may be effectuated.
By the first part of the first section of the statute it should seem to have been the intention of the legislature, that the owner of the equity of redemption should, at any time within three years, have a right to the bill provided for, on offering in the bill itself to pay such sum as should be found to be justly and equitably due upon the mortgage, not only without a tender, but also without any formal demand upon the mortgagee to render an account; for although the having it is by the pro *577 viso made to depend on the mortgagee’s having refused or neglected to render his account previously to the commencement of the suit, in the sentence next succeeding this proviso it is enacted, that no cost shall be awarded against the mortgagee, unless he shall have unreasonably neglected or refused to render a just and true account, when thereto requested, of the money due and of the rents and profits received, &c. Unless a distinction were intended to be established between a refusal and an unreasonable refusal, it is difficult to account for the apparent inconsistency in these two branches of the same section of the statute. For by the first it should seem that no bill to redeem could be sustained without a previous demand and refusal to account; and by the second, that the bill might be sustained, but that it should be without costs against the mortgagee, unless he had refused to render his account.
Having understood that the form of this statute was drawn by a gentleman of well known accuracy, I found it on that account more difficult to ascertain the cause of such an apparent incongruity of expressions. In order to satisfy myself on this point I have examined the original bill in the office of the secretary of the commonwealth, and find that it passed the Senate, where it was first introduced, without the proviso requiring a demand and refusal, but with the provision exonerating the mortgagee from costs, unless he should unreasonably refuse to render an account, and that the proviso" was introduced in the House of Representatives, as an amendment, which was concurred in by the Senate. We must therefore take it as the sense and intention of the legislature, that a previous demand and refusal to account are necessary; but to give full force to both provisions, we must suppose that a mere demand and refusal, however sudden it may be, and although the mortgagee may afterwards repent and be willing to render an account, will be sufficient to authorize the bill; though a demand and refusal under the same circumstances will not render the mortgagee liable to the costs of the process. But to constitute a demand and refusal sufficient to support the bill, without doubt the demand must be made, in respect to •¡me and place, so as that the mortgagee may have an oppor *578 tunity to. render his account; otherwise it would be a mere form and would not satisfy the words or the intention of the statute.
Whether if by inevitable accident the person holding the equity should be prevented from making his demand, until so near the close of the time of redemption that the mortgagee could not render his account before the time expired, a bill under such circumstances could be sustained upon a demand and non-compliance only, we do not now decide.
A demand and refusal being thus necessary, we are to inquire whether it has been sufficiently proved in this case, to entitle the plaintiff to relief. It is proved by the testimony of one Maynard, that the plaintiff called upon the defendant, at his office in Weston, and asked him what was the amount of his claim upon the estate mortgaged. The defendant answered that he owned the whole, that he had bought it and paid for it. The plaintiff then showed his deed, and again asked the defendant if he would not tell him the amount of his claim. The defendant replied, you will find out a the records, he thought it 1800 or 1900 dollars. The plain tiff then asked what sort of money would answer ; the de fen dan t replied nothing but specie ; and further said, if the plaintiff tendered the money, he should do as he thought proper about taking it, and that if he should take it he would discharge the mortgage on record. The witness further testified, that the defendant said his papers were at Cambridge, and he could not ascertain what was due on the mortgage.
Taking the evidence as thus stated from the witness, we cannot doubt that it amounts to a sufficient demand and re fusal. In the first place there was a denial that any right to redeem existed ; then a mere reference to the records, as though the whole original debt with the interest was intended to be claimed by the defendant; then an intimation that if the whole money should be tendered in specie, it was doubtful whether he should take it; and lastly, a declaration that his papers were at Cambridge ; which might have been a rea • sonable excuse at first for not rendering an immediate account, but which seems not to have been relied on at first as an *579 excuse. The plaintiff might have left him immediately and filed his bill.
The evidence as it thus stood, would establish a denial of the plaintiff’s right, a refusal to account, and an evasion of the demand, either of which facts would be sufficient to maintain the bill.
[The Chief Justice here went into an examination of other evidence in the case, the tendency of which was to invalidate the testimony of Maynard, and to prove that the defendant told the plaintiff that he was going to the registry of deeds in Cambridge, and if the plaintiff would call on him after his return, he would let him know the amount due, and that the plaintiff said he would see the defendant at his house or at Concord. The result was, that the Court thought these facts .were not proved and that Maynard’s testimony was not invalidated.]
We think the statute, notwithstanding the apparent incon gruity of its terms, requires a demand and refusal preliminary o the right to bring the bill without a tender of payment or performance of the condition. But the facts proved'in this case satisfy us, that a sufficient refusal is proved, but that, as the nature of the case shows that time was necessary to enable the defendant to render a just and true account, the refusal was not unreasonable, so as to make him liable for the costs of the process.[1]

 The agreement was as follows;—u The parties agree that Luther Lawrence, Esq. shall be appointed auditor to ascertain the amount which may be due the said Fiske in the above case, and also settle any question of costs; and the amount reported by [such auditor] shall be the amount to be inserted in the final decree of the court in said case.”

 See Fay v. Valentine, post, 546 ; Putnam v. Putnam, 13 Pick. 129. A tender, if relied upon, must be unconditional, and the mortgager cannot insist upon a release. Loring v. Cook, 3 Pick. 48.
The proviso in St. 1821, c. 85, § 1, was repealed by St. 1833, c. 201, so that a bill in equity to redeem may be brought without a previous tender or demand upon the mortgagee to render an account; and see Revised St. c. 107 § 18,19.